UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STARNET INSURANCE COMPANY  CIVIL ACTION

VERSUS  NO. 16-13511

LA MARINE SERVICE LLC AND  SECTION "R" (3)
LEONARD JOURDAN, JR

## ORDER AND REASONS

Before the Court are plaintiff's motion for entry of default[1] and plaintiff's motion to strike defendants' jury demand.[2] For the following reasons, the Court denies the motion for entry of default and grants the motion to strike the jury demand.

## I.  BACKGROUND

This case arises out of the sinking of Defendant LA Marine Service LLC's vessel, the M/V CAPT. LJ.[3] Defendant Leonard Jourdan, Jr. is the owner of LA Marine Service.[4] Plaintiff Starnet Insurance Company supplied

---

[1]  R. Doc. 55.
[2]  R. Doc. 29.
[3]  R. Doc. 1 at 2-3.
[4]  *Id.* at 3.

insurance to the defendants to cover losses or damages to the M/V CAPT. LJ.[5] According to the complaint, this insurance policy does not cover losses resulting from the vessel owner's bad faith or neglect in permitting a vessel to go to sea in an unseaworthy condition.[6] The M/V CAPT. LJ was afloat on the navigable waters of the United States near Empire, Louisiana, when it allegedly capsized and sank in clear weather and calm waters.[7] Plaintiff asserts that it investigated the incident and determined that the vessel's sinking was caused by a lack of due diligence in failing to remedy unseaworthy conditions on the vessel.[8] Following its investigation, plaintiff issued a denial of coverage.[9]

On August 2, 2016, plaintiff filed a complaint for declaratory judgment asking the Court to declare that it does not owe insurance coverage for losses arising out of the sinking of the M/V CAPT. LJ.[10] The complaint asserted that the Court has diversity jurisdiction under 28 U.S.C. § 1332 and admiralty or maritime jurisdiction under 28 U.S.C. § 1333.[11] On September 19, 2016, defendants filed an answer, affirmative defenses, and a counterclaim for

---

[5] *Id.* at 3-4.
[6] *Id.* at 4-5.
[7] *Id.* at 2-3.
[8] *Id.* at 6.
[9] R. Doc. 1 at 6.
[10] *Id.* at 1-7.
[11] *Id.* at 2.

declaratory judgment and other relief.[12]  In their answer, defendants responded to the factual allegations in plaintiff's complaint and admitted that the Court has subject-matter jurisdiction.[13]  Defendants requested "a trial by jury on all issues so triable."[14]

On October 11, 2016, plaintiff filed an amended complaint designating all claims as admiralty or maritime claims under Rules 9(h) and 38(e) of the Federal Rules of Civil Procedure.[15]  The amended complaint reiterates all other allegations against the defendants and does not include any substantive changes to the factual allegations in the original complaint.[16]  Defendants did not respond to the amended complaint.  Plaintiff now moves for an entry of default[17] against defendants and separately asks the court to strike defendants' jury demand.[18]

---

[12]   R. Doc. 13.
[13]   *Id.*
[14]   *Id.* at 15.
[15]   R. Doc. 19 at 1.
[16]   *Id.* at 2.
[17]   R. Doc. 55.
[18]   R. Doc. 29 at 1-2.

3

## II. DISCUSSION

### A. Entry of Default

Plaintiff argues that defendants' failure to respond to its amended complaint warrants an entry of default under Rule 55(a) of the Federal Rules of Civil Procedure.[19] Defendants oppose this motion and contend that they have sufficiently answered the factual allegations in plaintiff's complaint.[20] Defendants further argue that plaintiff's admiralty designation is a legal conclusion that does not require a response.[21]

Rule 55(a) directs the clerk to enter a party's default when the party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The clerk's "authority to enter a default is not a limitation on the power of the court to do so. But the court should exercise discretion in deciding whether or not to order a default." *Betz v. First Credit Services, Inc.*, 139 F.Supp.3d 451, 455 (D.D.C. 2015) (quoting 10A Wright & Miller, *Federal Practice and Procedure*, § 2682 (3d ed. 2015)). The Fifth Circuit has held that "any doubt, should, as a general proposition, be resolved in favor of . . . securing a trial upon the merits." *Davis v. Parkhill-Goodloe Co.,* 302 F.2d 489, 495 (5th Cir. 1962) (upholding a trial court's refusal to direct the clerk to enter default).

---

[19] R. Doc. 55-1 at 2.
[20] R. Doc. 56 at 2.
[21] *Id.* at 3.

4

Here, defendants filed an answer and responded to the factual and jurisdictional allegations in the original complaint, including the plaintiff's invocation of the Court's admiralty jurisdiction under 28 U.S.C. § 1333.[22] Although the amended complaint more explicitly designates plaintiff's claim as an admiralty claim under Rule 9(h) of the Federal Rules of Civil Procedure, the defendants' failure to respond to that designation does not warrant an entry of default. The Court therefore denies entry of default.

**B. Jury Demand**

Plaintiff argues that defendants have no right to a trial by jury because plaintiff designated its claim as an admiralty claim under Federal Rule of Civil Procedure 9(h).[23] Defendants have not responded to this motion.

The Court has admiralty jurisdiction in this matter. Plaintiff asserts that admiralty jurisdiction is proper because plaintiff's claims involve the interpretation and application of a policy of marine insurance and the sinking of a vessel on the navigable waters of the United States.[24] "A marine insurance contract is indisputably a marine contract within federal admiralty jurisdiction." *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1198 (5th Cir. 1993). If a claim is within the Court's "admiralty or maritime

---

[22]   R. Doc. 13.
[23]   R. Doc. 29 at 1-2.
[24]   R. Doc. 1 at 2.

jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82." Fed. R. Civ. P. 9(h). Rule 38(e), in turn, provides that the "rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e).

When a plaintiff designates its claim as an admiralty claim under Rule 9(h), the defendant is not entitled to a jury trial. *See Harrison v. Flota Mercante Gancolombiana*, 577 F.2d 968, 987-88 (5th Cir. 1978) (trial court properly denied third-party defendant's jury demand where plaintiff specifically elected to pursue non-jury admiralty claim under Rule 9(h)); *see also Hamm v. Island Operating Co., Inc.*, 450 F. App'x 365, 369 (5th Cir. 2011) ("In situations like [plaintiff's], the election made available to the pleader pursuant to Rule 9(h) is dispositive.") (internal citation omitted).

Defendants have made no effort to establish why admiralty jurisdiction is not proper or why they should be entitled to a jury trial. On the contrary, defendants explicitly assert that their counterclaim arises from the same transaction or occurrence as the plaintiff's claim and that the counterclaim falls within the Court's jurisdiction under 28 U.S.C. § 1333.[25] *See Harrison,*

---

[25] R. Doc. 13 at 9.

6

577 F.2d at 987 (affirming denial of jury demand where the "facts which established admiralty jurisdiction for the plaintiff's original claim" also form the basis for defendant's claim).

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default is DENIED.  Plaintiff's motion to strike defendants' jury demand is GRANTED.

New Orleans, Louisiana, this __21st__ day of July, 2017

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE